Elizabeth W. Pine, J.
This is a motion, by a defendant husband in an action for divorce, for leave to proceed as a poor person pursuant to CPLR 1101 (subd [a]). He also requests the court to assign an attorney to him pursuant to CPLR 1102 (subd [a]), and to grant extension of time in which to interpose an answer.
Defendant alleges he is incarcerated in the Steuben County jail, has no income, and intends to defend the action for divorce and seek custody of the children, ages six and two years respectively. The plaintiff also seeks custody of the children.
This court finds that defendant has stated a prima facie case for right to proceed as a poor person under CPLR 1101 (subd [a]). Inasmuch as no proof has been submitted to controvert defendant’s claims of indigence, this court finds that defendant is entitled to proceed as a poor person. (Emerson v Emerson, 33 AD2d 1022.)
Relating to defendant’s request for assigned counsel, the Court of Appeals in Matter of Smiley (36 NY2d 433) held that an indigent plaintiff wife in a divorce case has no constitutional right to have the court assign and compensate counsel. Although the court does not so state in its opinion, the record on appeal indicates custody was a contested issue. There were four children, aged 9 to 14 years of age, whose custody was at issue in the Smiley case. That case, absent legislative change, is thus controlling in the instant motion.
However, subsequent to the Smiley decision, the Legislature enacted section 262 (subd [a], par [v]) of the Family Court Act requiring the court to assign compensated counsel to an indigent parent seeking or contesting substantial infringement of his right to custody.
If the custody issue in this divorce action were referred to Family Court, pursuant to section 652 of the Family Court Act, the defendant would now be entitled to assigned counsel in that court. Clearly, Supreme Court may exercise every power of Family Court. (Kagen v Kagen, 21 NY2d 532.) The discretion whether to hear the custody issue in Supreme Court or to refer the issue to Family Court rests in Supreme Court (Family Ct Act, § 467) and need not be determined at this point. In exercising its discretion whether or not to transfer *959 the issue of custody to Family Court, the Supreme Court must consider such factors as the relative caseloads in the two courts, as well as the duplication of effort of bifurcated litigation. Counsel for the parent can be available in either court so that need not be a factor.
The right to assigned counsel for defendant extends only to the issue of custody. Defendant’s request for assigned counsel is granted as to the issue of custody only, and the order herein shall provide for an appropriate extension of time to defendant to interpose an answer.
In the instant case there are two children, boys, now aged six and two. The six-year-old boy is the child of the defendant by a previous marriage, and the two-year-old boy is the child of both parties to the action. Plaintiff, among other allegations, alleges the defendant has failed to support the children, and defendant states his belief that the plaintiff "is not fit to care for our children”.
Defendant’s papers contain allegations of instability and drug abuse on the part of plaintiff. A memorandum of law submitted on his behalf stresses his "meritorious claim for custody”. Plaintiff "emphatically” denies defendant’s allegations of instability and drug abuse.
The court notes that the facts surrounding defendant’s incarceration and the fact that the elder child is not the natural child of plaintiff may further become issues in this case, on the question of the parents’ "rights” of custody.
The issue of custody at least between natural parents must be resolved in the best interests of the child. Until recently, the courts have held that the trial court, under the doctrine of parens patriae, has the burden of protecting that interest.
However, the concept that the court can adequately represent the interest of and protect the rights of an infant has been under increasing attack and has been rejected by the United States Supreme Court in delinquency cases. (Matter of Gault, 387 US 1; Kent v United States, 383 US 541.) These cases hold that the standard is not one of the criminal or civil nature of the proceedings but protection of the fundamental rights of an infant whose substantial interests are involved. If custody of a child is of fundamental importance to a parent so that he is entitled to legal representation, can the determination be less important to the child?
The question of representation of children in disputed cus *960 tody matters has been the subject of several recent articles in legal periodicals. The analyses and arguments of these articles cannot be set forth here at length. However, after careful review of the opinion of these experts, the clear consensus emerges that the child has a legal interest and specific rights to protect in a custody dispute, that neither the court nor the parents can adequately represent those interests, and that the most effective means of protecting the child’s interest in our adversary system is by independent counsel for the child. (See Inher, A Child’s Right to Counsel in Custody Cases, 5 Family LQ 108; MacDonald, A Case for Independent Counsel to Represent Children in Custody Proceedings, 7 New England L Rev 351; Foster-Freed, A Bill of Rights for Children, 6 Family LQ 343; Mnookin and Coons, Toward a Theory of Children’s Rights, 28 Harv L School Bulletin No. 3, p 18; Garinger, Protecting Children, Innovations in Policy and Procedures, 28 Harv L School Bulletin No. 3, p 28.)
Analysis of the process by which a court reaches a determination in an adversary proceeding shows why counsel for a child is so important. It is obvious that a trial court is only in a position to make a proper determination if the relevant facts are made known to it. The court cannot even use court-ordered social and psychiatric investigations absent stipulation of counsel unless one of the parties elects to call and examine the investigator as a witness. (Kesseler v Kesseler, 10 NY2d 445.) Testimony is normally elicited by questions based on some prior investigation. While to a limited degree a court may ask its own questions of those witnesses called by the parties, it cannot properly or effectively call its own witnesses and examine them in areas both parents prefer to suppress, and it loses its ability to be fair and impartial if it becomes involved in cross-examining the parties’ witnesses.
The procedures for assuring adequate representation for children are in the process of formulation. Many scholars argue that a child in a custody matter is a necessary party to the action, with the rights and defined status accorded a party to an action, in such areas as jurisdictional questions, pleading, discovery, etc. A literal reading of CPLR 1001 shows the logic of the argument to be persuasive. The courts in New York have never so held, however. (Chittenden v Chittenden, 46 Misc 2d 347; Boone v Boone, 132 F2d 14, cert den 319 US 762.)
If there is another adequate means to protect the interest of *961 the child, the reluctance to designate the child a party may be justifiable since it would place him symbolically in the title of the action as adverse to one parent and allied with the other. A more desirable way to protect the child in relation to both parents is to provide counsel for him and provide the right to participate in the trial as the nonparty with an interest in the proceeding, but not to require pleadings and other concomitants of party status.
Section 249 of the Family Court Act mandates just such representation for children in abuse and neglect cases under article 10 of the Family Court Act. While the language of section 249 makes it discretionary with the Family Court Judge whether to appoint a Law Guardian in other cases where the child is the subject of the proceeding, the Court of Appeals has held recently that the Family Court should appoint a Law Guardian in virtually all permanent neglect cases. The rationale expressed for this holding is that the child has a "right to be heard”, and emphasized the importance of a Law Guardian "since the child obviously cannot speak for herself’. The court observes that without representation of the child, the parents focus on their rights and not on the child’s rights. (Matter of Orlando F., 40 NY2d 103.)
The Court of Appeals has recently recognized some fundamental rights of children, including the right to be present in person as well as by counsel, in Matter of Celia R. (36 NY2d 317) and, prior to Matter of Orlando F., mentioned the importance of participation by the Law Guardian "since the child obviously cannot speak for herself’ in Matter of Ray A.M. (37 NY2d 619, 624.)
For the same reasons that the parent’s right to counsel provided under the Family Court Act must apply in Supreme Court, the child’s rights under section 249 of the Family Court Act must apply in Supreme Court.
Nowhere is this tendency to emphasize parental rights to custody over child’s rights more of a danger to a custody decision in the best interests of the child than in thé contested divorce action. Even in an uncontested matrimonial, however, custody is often bargained over between the parents along with the division of all other "property” of the marriage. As the United States Supreme Court said in Ford v Ford (371 US 187, 193), where the parties had reached agreement, "Unfortunately, experience has shown that the question of custody, so vital to a child’s happiness and well-being, frequently cannot *962 be left to the discretion of parents. This is particularly true where, as here, the estrangement of husband and wife beclouds parental judgment with emotion and prejudice.”
The possibility that parental rights will prevail over children’s rights is clearly a danger in the instant case, a danger which may only be avoided by the appointment of a Law Guardian. The court finds that Matter of Orlando F. at least requires the appointment of a Law Guardian for children whose custody is being determined by the court in a contested proceeding. This court therefore directs, on its own motion, pursuant to CPLR 1201, 1202, and section 249 of the Family Court Act, that a Law Guardian be appointed , to appear on behalf of and represent the interests of the children, as to the issue of custody. In the event the Law Guardian determines that there is a conflict of interest between the two children, he may advise the court and separate guardians shall be appointed.