Karen **MEYER** and Department of Human Services

v.

Michael **MEYER.**

Supreme Judicial Court of Maine.

Argued Nov. 19, 1979.

Decided May 13, 1980.

Robert L. Jalbert, Fort Kent (orally), for Karen Meyer.

Diane E. Doyen (orally), Asst. Atty. Gen., Dept. of Human Services, Legal Division, Augusta, for plaintiff.

Michael Meyer, pro se (orally).

Before McKUSICK, C. J., and POMEROY,* WERNICK, ARCHIBALD,** GODFREY, NICHOLS and GLASSMAN, JJ.

GODFREY, Justice.

Michael Meyer appeals from a judgment of the Superior Court reviewing by appeal two orders of the First District Court, Division of Western Aroostook, dated July 17 and 21, 1978. The first order was on a motion for arrearage and contempt, brought by the State of Maine Department of Human Services pursuant to authority granted to it by 19 M.R.S.A. §§ 499, 722 and 752 (Supp.1979–80). The order found Mr. Meyer to be in arrears in support payments in the sum of $2,530 and to be in contempt; it sentenced him to ten days in the county jail, with a right to purge himself of contempt by payment of $530 within two weeks. The second order granted a motion, brought by Mrs. Meyer and heard on the same day as the state's motion, for termination of Mr. Meyer's rights of visitation with his two children.

Mr. Meyer's appeal to the Superior Court was denied in all but one respect on the ground that Mr. Meyer did not provide any record of the District Court proceedings in accordance with Rules 73 and 75 of the District Court Civil Rules. However, the Superior Court sustained Mr. Meyer's appeal "as it relates to his punishment for contempt". Mr. Meyer appeals to this Court, asserting that he was denied a right to appointed counsel and challenging the District Court's orders on several substantive grounds. The state does not cross-ap-

---

* Pomeroy, J., sat at oral argument but retired prior to preparation of the opinion.

** Archibald, J., sat at oral argument but retired prior to preparation of the opinion. He joins the opinion as Active Retired Justice.

peal. We affirm the judgment of the Superior Court.

▉▉▉ Under Rule 73, D.C.Civ.R., Mr. Meyer's appeal to the Superior Court was limited to questions of law only, to be determined by that court on the basis of the record on appeal; it was not a hearing de novo. An appellant has the burden of supporting such an appeal with a record sufficient in content to permit a fair consideration of the issues by the appellate court. *Northern Mill & Lumber Co. v. Maynard*, Me., 412 A.2d 384 (1980); *Berry v. Berry*, Me., 388 A.2d 108 (1978); *Maiorino v. Morris*, Me., 367 A.2d 1038 (1977). In the present case the Superior Court justice, having before him no transcript or recording of the proceedings in District Court or any other record authorized as a basis for review by Rule 73 or 75, ruled correctly that, except with respect to the contempt conviction, he must deny defendant's appeal for lack of any basis for review of the District Court's orders.

In addition to his substantive challenges to the District Court's rulings, appellant asserts, in effect, that he was denied due process of law because he was not given the assistance of court-appointed counsel. This argument requires separate discussion of the two orders.

▉▉▉ In Karen Meyer's proceeding for termination of his visitation rights, Mr. Meyer did not have a right to court-appointed counsel. In *Danforth v. State Department of Health & Welfare*, Me., 303 A.2d 794 (1973), we held that indigent parents are entitled to appointed counsel in a neglect proceeding brought by the state because, although the proceeding is labeled civil rather than criminal, "the full panoply of the traditional weapons of the state are marshalled against the defendant parents." 303 A.2d at 799. In the instant case, the state was not a party to the termination proceeding. It is true that the state's interest in the welfare of children is involved to some extent in hearings affecting visitation rights. *See* concurring opinion in *Pendexter v. Pendexter*, Me., 363 A.2d 743, 747, 748 (1976). But where such proceedings involve primarily disputes between the parents, due process does not automatically require appointment of counsel to either party. *In re Smiley*, 36 N.Y.2d 433, 369 N.Y.S.2d 87, 330 N.E.2d 53 (1975).[1] *See Duval v. Duval*, 114 N.H. 422, 322 A.2d 1 (1974); *Kiddie v. Kiddie*, Okl., 563 P.2d 139 (1977); Annot., 85 A.L.R.3d 983 (1975). *But cf. Flores v. Flores*, Alaska, 598 P.2d 893 (1979).

▉▉▉ The termination order of the District Court is not necessarily permanent. In divorce proceedings, the jurisdiction acquired by the District Court is a continuing one with respect to custody or support of minor children. *Ireland v. Galen*, Me., 401 A.2d 1002, 1004 (1979); *Baril v. Baril*, Me., 354 A.2d 392 (1976). *See also* 2 R. Field, V. McKusick & L. Wroth, *Maine Civil Practice* § 80.4 at 278 (2d ed. 1970). The District Court's order is subject to modification in the future if the court is persuaded that the conditions on which the order was based have changed and the best interests of the children are no longer served by denying their father visitation rights.

The question of appellant's right to counsel in the state's arrearage and contempt proceeding involves different considerations. The Superior Court order from which Meyer has appealed is not entirely clear in its disposition of the District Court's arrearage and contempt order. The Superior Court order states, in pertinent part:

> This Court finds . . . that the Order of the District Court . . . sentencing the Appellant to ten (10) days in jail with the right to purge himself contravenes Title 19, Sec. 722 M.R.S.A.
>
> It is therefore Ordered that the Appeal is denied in all particulars except as it relates to his punishment for contempt and in that particular his appeal is sustained.

---

1. The opinion in *Smiley* noted that New York courts had by statute discretionary power to appoint counsel to represent indigents without compensation. The New York Legislature later amended the Family Court Act to require compensated counsel for indigent parents in disputes over custody. *See Borkowski v. Borkowski*, 90 Misc.2d 957, 958, 396 N.Y.S.2d 962, 963 (1977).

The Superior Court thus found that the "right to purge" included in the District Court's order of contempt was not a condition contemplated by the provision of § 722 for punishment for criminal contempt. A right to purge is an essential element of a civil contempt sanction. *State v. Vickers*, Me., 309 A.2d 324, 328 (1973); *State v. Roll*, 267 Md. 714, 728, 298 A.2d 867, 876 (1973). We have recently held that the criminal contempt sanction provided for in 19 M.R.S.A. § 722 (Supp.1979–80)[2] is not exclusive; that it is not the purpose of that section to deprive the District or Superior Court of the power to employ the sanction of civil contempt to achieve remedial enforcement in a proper case. *Small v. Small*, Me., 413 A.2d 1318 (1980). In view of the provision of the District Court order affording Mr. Meyer an opportunity to purge himself of contempt by partial payment of the arrearage, it appears that the contempt proceeding in this case was civil, not criminal, in nature. *Small v. Small, supra.* This conclusion is supported not only by the presence of a purgative condition in the order, but also by the fact that Mr. Meyer was not subjected to the proceedings required by Rule 42, D.C.Crim.R., for conviction for criminal contempt.

If the District Court had found Mr. Meyer guilty of criminal contempt, the Superior Court order, sustaining his appeal with regard to his punishment only, might be construed as abrogating merely the sentence while leaving a conviction for criminal contempt standing. If so, appellant might now stand convicted of a "first offense" for purposes of the following provision of section 722:

The court, upon finding a husband, exhusband or father in contempt of its order shall impose the following sentences: For the first offense, up to 10-day commitment to the county jail; for the 2nd offense, up to 30-day commitment to the county jail and for any subsequent offense, up to 90-day commitment to the county jail.

If that had been the effect of the Superior Court judgment, it would be at least arguable that appellant should have been afforded counsel. *See United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *Green v. State*, Me., 237 A.2d 409, 411 (1968).

However, for the reasons stated earlier, the District Court judgment was not a conviction for criminal contempt. As a civil contempt order containing a purgative condition, the District Court's judgment does not leave Mr. Meyer exposed to the enhanced sanctions provided by section 722. Whether the Superior Court was correct in vacating the civil contempt order we are not called upon to decide, for the state has not cross-appealed.

Mr. Meyer asks us to reverse the order for arrearages on the ground that he was not represented by counsel in the District Court. That contention has become virtually moot: we have held that he was never subjected to proceedings for criminal contempt and that the District Court's conditional order for his incarceration as a means of enforcing the order for arrearages was not a "sentence" for an "offense" within the meaning of 19 M.R.S.A. § 722. The punitive provision of the District Court's order has been abrogated by the Superior Court without appeal by the state. No lawyer could have done more for Mr. Meyer than has been done to relieve him of any penal consequences, present or potential, of his failure to comply with the 1978 order for payment of arrearages.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.

---

· 2. The applicable version of section 722 includes the amendment enacted by P.L.1977, ch. 439 § 4, eff. Oct. 24, 1977.