Angela BROUGHAM

v.

Ricky J. REAL.

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 31, 1990.

Decided Nov. 20, 1990.

Mary B. Najarian, Dept. of Human Services, Portland, for plaintiff.

Ricky J. Real, Bowdoinham, pro se.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

Ricky J. Real appeals from a judgment entered against him in the Superior Court (Cumberland County, *Brodrick, J.*) in a paternity action brought by the Department of Human Services (Department) in the name of Angela Brougham, pursuant to 19 M.R.S.A. § 272 (Supp.1989). Because Real has not provided us with an adequate record, we are unable to address his contentions that the amounts he is required to pay under the judgment are excessive, and we affirm the judgment.

Brougham's complaint for determination of paternity alleged that Real is the father of her son born in 1979, and that she has expended substantial sums to support the child. She sought a declaration that Real is the natural father, a weekly child support order, and an order that Real reimburse her for past support and other expenses incurred on behalf of the child. *See* 19 M.R.S.A. §§ 272, 275 (1981). Real filed an answer denying paternity. Pursuant to 19 M.R.S.A. § 277 (Supp.1989), the court ordered that the mother, Brougham, the child, and the putative father, Real, submit to blood tests. Those tests indicate that the probability of Real's paternity is 99.83 percent. *See* 19 M.R.S.A. § 280(1)(D) (Supp.1989).

Real failed to appear at a scheduled jury trial, and the court defaulted him and conducted a nonjury trial in his absence. After that trial, the court found Real to be the father of Brougham's child and ordered him to pay $60 per week toward the current support of the child, increasing that to $90 per week beginning August 16, 1991. The court also entered judgment against Real in the amount of $30,120 for past expenditures Brougham had incurred in raising the child, and ordered that $5000 of that amount be paid within ninety days. Without moving to set aside the default or the judgment, *see* M.R.Civ.P. 60(b), Real appealed to this court.

On appeal, Real does not dispute the court's determination of paternity, but contends that the arrearage judgment and the weekly support order are excessive. He failed to appear at the trial on the merits,[1]

---

1. Real does not argue to this court that the Superior Court improperly defaulted him for failure to appear at his trial. If such an argument were made, it would have to be made to

 

and has not provided us with a record of the hearing upon which the court based its judgment and order. It is the appellant's burden to provide the reviewing court with an adequate record on appeal to allow proper consideration of the issues on appeal. *Meyer v. Meyer*, 414 A.2d 236, 238 (Me. 1980); M.R.Civ.P. 74. This Real has failed to do, and without that record we are unable to address his contention that the judgment is not supported by the evidence and is excessive in relation to his earnings and assets.[2]

The entry is:

Judgment affirmed.

All concurring.

---

the trial court pursuant to M.R.Civ.P. 60(b). *See* M.R.Civ.P. 55(b).

**2.** We do not address whether Real might be entitled to relief pursuant to M.R.Civ.P. 60(b), which lists specific grounds that may support a

party's motion to be relieved from a judgment. We also note that the court has continuing jurisdiction to modify a judgment for future support. 19 M.R.S.A. § 275 (1981).