OPINION OF THE COURT
Eli Wager, J.
In this divorce action plaintiff moves for an order transferring a Family Court proceeding to this court, for a restraining order against the defendant for temporary custody and for other relief, and the defendant’s cross motion for an order directing that the children of the parties obtain counseling and therapy, that a Law Guardian be appointed for them and for other relief, are determined as follows.
Plaintiff’s motion to transfer and consolidate the Family Court proceeding, index number 0-3919/90, with the within matrimonial action is granted. Upon presentation of a copy of this order, the clerk of the Family Court is directed to transfer the file to the clerk of the Supreme Court.
*635 Since both parties continue to reside in the marital residence with the children, the court finds no compelling reason to award temporary custody to either parent. Temporary custody is awarded to both parents jointly pending further order of the court. Pursuant to this court’s short form order (Wager, J., Dec. 4, 1990), consented to by both parties and their counsel, the family will undergo a probation and forensic examination by the Nassau County agencies. Neither parent shall remove the residence of the children from the marital residence without an order of this court.
Defendant’s cross motion for an order mandating counseling and therapy for the parties’ children, ages 6 and 4, is denied at this time pending the court’s receipt of the report of the Probation and Forensic Services Department. Defendant’s counsel has included in the moving and supporting papers uncorroborated hearsay statements of a detective and double hearsay of a nurse-psychotherapist (whose "recommendation” for therapy is based upon the mother’s statements). Neither the direct statements of the mother nor the hearsay statements attributed to the detective and nurse present any basis for this court to impose therapy on these children of such tender years. The court will await the investigative reports. However, the court having seen and heard both parents, who have previously been in therapy, suggests, but does not direct, that each of the parents (and consequently their children) will undoubtedly benefit from continued treatment of the parents with a qualified therapist of their own choosing.
Finally, defendant’s application for the appointment of a Law Guardian for the children is denied. Family Court Act §249 does not mandate such an appointment in divorce actions in which a custody dispute is but one of the elements in controversy. Parenthetically, it must be regretfully noted here that contested custody in divorce actions is all too often a negotiating tactic utilized by one parent or the other as a bargaining chip. Historically, Law Guardians are appointed in Family Court abuse and neglect proceedings where the rights of children in delinquency proceedings (art 3), supervision proceedings (art 7) and child protective proceedings (art 10) are at issue. Proceedings to terminate parental rights under Social Services Law § 384-b, and to place children in protective custody under Family Court Act § 158 and to continue children in placement or commitment under Family Court Act § 249 (a) all require the appointment of a Law Guardian to protect the interests of the subject children. Recent amend *636 ments to section 249 have broadened its application to other sections of the Social Services Law.
On the other hand, the appointment of Law Guardians in matrimonial actions is comparatively rare. Counsel cites but one reported case (Borkowski v Borkowski, 90 Misc 2d 957 [Sup Ct, Steuben County 1977]) in which a Law Guardian was appointed in a divorce action. The Supreme Court Justice in Borkowski v Borkowski (supra, at 962) wrote an opinion advocating that Law Guardians are appropriate, because of the "possibility that parental rights will prevail over children’s rights”. In that case, however, the father was an incarcerated person, with one child of a previous marriage and one of the instant marriage. The court there found a clear danger to the children, which justified the appointment of a Law Guardian. As authority for the sua sponte appointment, the court stated, "[t]he court finds that Matter of Orlando F. at least requires the appointment of a Law Guardian for children whose custody is being determined by the court in a contested proceeding” (supra, 90 Misc 2d, at 962). Reference was made to Matter of Orlando F. (40 NY2d 103), a case in which the Court of Appeals reviewed a Family Court Act article 6 proceeding (termination of parental rights based upon neglect). In my view, the rule in Matter of Orlando F. does not apply to the case at bar.
In Matter of Orlando F., the Court of Appeals discussed the propriety of appointing a Law Guardian in proceedings between parent and agency, and held: "Consequently, although no statute currently so provides, we hold that, in the absence of the most extraordinary of circumstances, at the moment difficult to conceptualize, the Family Court should direct the appointment of a Law Guardian in permanent neglect cases to protect and represent the rights and interests of the child in controversy” (supra, 40 NY2d, at 112).
The court did not discuss nor extrapolate this rationale to custody contests in divorce proceedings. Other and more recent Family Court cases have dealt with appointments of Law Guardians (see, Koppenhoefer v Koppenhoefer, 159 AD2d 113 [2d Dept 1990]; Matter of Scott L. v Bruce N., 134 Misc 2d 240 [Fam Ct, NY County 1986]; Matter of Fargnoli v Faber, 105 AD2d 523 [3d Dept 1984]). Koppenhoefer v Koppenhoefer, the only matrimonial action cited, was a postdivorce custody/visitation proceeding involving two teen-age children, which was adjudicated in the Family Court, Orange County.
*637 In Koppenhoefer v Koppenhoefer, the Appellate Division, Second Department, in its decision reversing the Family Court, placed great emphasis on forensic reports and evaluation and on the wishes of children “particularly when, as here, the children are of a sufficient age to articulate their needs and preferences to the court (supra, at 117)”. The ages of the children (15 and 13) in that case enabled them to communicate intelligently and cooperatively with a Law Guardian.
Clearly, there are matrimonial actions where the circumstances of the case make the appointment of a Law Guardian advisable and appropriate. Such circumstances do not exist here at this time. We are presented here with two parents involved in marital litigation, each of whom care deeply for these children. The children appear to have become a focal point of this conflict and appear to be the objects of each parent’s attention and affection. They are apparently not neglected or abused. They are not in danger of commitment or institutionalization. With the assistance of the agencies and, such other experts as either or both parents wish to offer, this court can, as it has in many hundreds of cases, act in the best interests of these children.
Accordingly, this court concludes in its discretion, that the request for the appointment of a Law Guardian in the case at bar is neither appropriate nor necessary to protect the children’s interests. The request is, therefore, denied.