**John S. WALKER**

v.

**Melanie J. SITES.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 3, 1991.

Decided Feb. 5, 1991.

Patrick E. Hunt, Island Falls, for plaintiff.

Melanie Sites, Bangor, pro se.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and BRODY, JJ.

CLIFFORD, Justice.

Melanie J. Sites appeals the judgment entered against her in the Superior Court (Penobscot County, *Silsby, J.*) on a real estate foreclosure brought by John S. Walker pursuant to 14 M.R.S.A. §§ 6321–6325 (1980 & Supp.1990). We affirm the judgment.

This foreclosure action against Sites was filed by Walker in the District Court (Bangor). Sites filed an answer and pursuant to M.R.Civ.P. 76C removed the action to the Superior Court. She notified the court of a change in her address to a location in New Hampshire. Walker filed a motion for summary judgment that Sites concedes she received. Sites filed no memorandum in opposition. *See* M.R.Civ.P. 7(c) and (d)(2).[1] Despite the court having sent a notice of hearing on the motion to Sites's New Hampshire address, she failed to appear at the hearing on the motion for summary judgment, and a judgment of foreclosure was entered against her.

Sites did not move to set aside the judgment in the Superior Court. *See* M.R. Civ.P. 60(b).[2] Her only claim on appeal is

1. M.R.Civ.P. 7(c) and 7(d)(2) provide as follows:

(c) **Opposition to Motions.** Any party opposing a motion shall file a memorandum and any supporting affidavits or other documents in opposition to the motion not later than 21 days after the filing of the motion, unless another time is set by the court. A party failing to file a timely memorandum in opposition to a motion shall be deemed to have waived all objections to the motion.

(d) **Motions for Summary Judgment.**
. . . .
(2) The party opposing a motion for summary judgment shall file with the material required to be filed by subdivision (c) of this rule a separate, short and concise statement of the material facts, supported by appropriate record references, as to which it is con-

tended that there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party, if supported by appropriate record references, will be deemed to be admitted unless properly controverted by the statement required to be served by the opposing party.

2. M.R.Civ.P. 60(b) provides in relevant part:

(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]
. . .

that she received no notice of the summary judgment hearing. Because Sites failed to properly present that contention to the Superior Court pursuant to M.R.Civ.P. 60(b)[3] we are unable to address it in the context of her appeal. *See Brougham v. Real,* 582 A.2d 970, 970–71 (Me.1990).

The entry is:

Judgment affirmed.

All concurring.

**3.** To successfully prosecute a motion pursuant to M.R.Civ.P. 60(b), Sites would have to convince the trial court that her failure to appear at the hearing on the motion for summary judgment was excusable. *See Laurel Bank & Trust Co. v. Burns,* 398 A.2d 41, 44–45 (Me.1979). In addition, because she admits receiving a copy of the motion for summary judgment, Sites would have to explain her failure to file a memorandum in opposition to the motion pursuant to M.R.Civ.P. 7(c). Rule 7(c) provides that the failure to file such a memorandum constitutes a waiver of all objections to the motion. *See supra* note 1. Moreover, Sites has presented nothing to show that she has any defense to the motion for summary judgment.