■ SUSAN LEIDERMAN, Respondent, v JEFFREY LEIDERMAN, Appellant. [715 NYS2d 344] —In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated October 22, 1999, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly concluded that there are questions of fact as to whether the plaintiff was abandoned by the defendant within the meaning of Domestic Relations Law § 170 (2). Accordingly, the motion for summary judgment was properly denied (see, *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *see also, Schine v Schine*, 31 NY2d 113; *Haymes v Haymes*, 221 AD2d 73). Ritter, J. P., Santucci, Krausman and Smith, JJ., concur.

■ ELAINE LIBERTI, Appellant, v JOSEPH LIBERTI, Respondent. [715 NYS2d 666] —In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of a judgment of the Supreme Court, Suffolk County (McNulty, J.), entered October 1, 1999, which, *inter alia*, provided that she could not relocate with the parties' children to North Carolina.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in its determination that the plaintiff's relocation with the parties' children to North Carolina from their home in New York would not be in the children's best interest (see, *Matter of Tropea v Tropea*, 87 NY2d 727; *Eschbach v Eschbach*, 56 NY2d 167). In addition, the Supreme Court did not err in not, *sua sponte*, appointing a Law Guardian (see, Family Ct Act § 249 [a]; *Nolfo v Nolfo*, 149 Misc 2d 634).

The plaintiff's remaining contentions are without merit. Ritter, J. P., Santucci, Krausman and Smith, JJ., concur.