2008 ME 29

**Aaron MICHAUD**

v.

**BLUE HILL MEMORIAL HOSPITAL et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 1, 2007.

Decided: Feb. 12, 2008.

Aaron Michaud, St. David, ME, pro se.

Daniel Rapaport, Esq., Patrick N. Strawbridge, Esq., Preti Flaherty Beliveau & Pachios, LLP, Portland, ME, for Blue Hill Memorial Hospital, Lisa Lesko, and Diane Wrigley.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, and MEAD, JJ.

SAUFLEY, C.J.

[¶ 1] Aaron Michaud appeals from a judgment entered in the Superior Court (Androscoggin County, *Gorman, J.*) granting the joint motion of Blue Hill Memorial Hospital, Lisa Lesko, and Diane Wrigley for summary judgment on Michaud's professional negligence complaint. We affirm the judgment.

[¶ 2] At the age of fourteen, Michaud injured his arm while wrestling with his cousin. Following his injury, Michaud's mother took him immediately to Blue Hill Memorial Hospital where an initial round of x-rays was done. After examination of the x-rays, the hospital staff believed that Michaud was suffering from a dislocated shoulder. Given this diagnosis, the staff began treatment for a shoulder dislocation. When this treatment did not improve Michaud's condition, further x-rays were done. Following this second round of x-rays, Michaud was diagnosed with a fracture of the humerus, and surgery was eventually performed to treat it.[1] Michaud recovered but alleges a five-percent decrease in the normal range of motion in his shoulder. Michaud believes that this reduction in range of motion is due to the initial erroneous diagnosis of a shoulder dislocation and the brief treatment that he contends was negligently undertaken to treat it.[2]

[¶ 3] The medical defendants contend that the initial treatment for a shoulder dislocation was not negligently undertaken and that the brief treatment Michaud received for that possible dislocation was not the cause of his alleged loss in the range of motion in the arm.

[¶ 4] Before Michaud's claim was considered by the Superior Court, it was considered by a prelitigation screening panel, 24 M.R.S. § 2853 (2007), which unanimously determined that none of the defendants had breached a duty of care to Michaud.[3] Nonetheless, Michaud chose to proceed with his complaint in the Superior Court, as was his right pursuant to 24 M.R.S. § 2903 (2007). All of the medical defendants then moved for summary judgment on the basis that Michaud had failed to identify any evidence from which a jury might have concluded that any of the defendants breached the standard of care, and thereby treated Michaud negligently. The defendants' motion for summary judgment was properly supported by a statement of material facts complete with record citations as required by M.R. Civ. P. 56(h)(1), including references to the affidavit of an expert. The statement of material facts filed by the medical defendants

---

1. The physician who performed this surgery was initially named as a defendant in Michaud's suit, but the case against him was dismissed before the Superior Court granted the summary judgment motion that is the subject of this appeal.

2. Michaud also alleges that he suffered substantial pain during the course of the shoulder treatment.

3. Generally, decisions of medical screening panels are confidential until trial. *See* 24 M.R.S. § 2857 (2007). In this case however, the panel's decision was unanimous, and therefore admissible in court. It was also referenced in the briefs of the parties and discussed in the Superior Court's order.

included sufficient facts that, if taken as true, demonstrated that the defendants had not been negligent and were entitled to summary judgment. *See* M.R. Civ. P. 56(h)(4).

[¶ 5] Demonstration of an error or mistake in an initial diagnosis does not, standing alone, demonstrate negligence. *See Merriam v. Wanger,* 2000 ME 159, ¶ 8, 757 A.2d 778, 780. Except in unusual circumstances, not existing here, a plaintiff in a medical malpractice case must prove the nature and scope of the defendants' duty by expert medical testimony. *Woolley v. Henderson,* 418 A.2d 1123, 1130-31 (Me. 1980). Thus, Michaud was required by law to designate an expert who could testify regarding the defendants' negligence. *See Jacobs v. Painter,* 530 A.2d 231, 236 (Me.1987). Because Michaud failed, within the time prescribed by the court, to designate a medical expert who could testify to the nature and scope of the defendants' duty, he could not have made out a prima facia case of medical negligence.

[¶ 6] Additionally, Michaud was required to file an opposing statement of material facts supported by record citations along with his opposition to the defendants' motion for summary judgment. Michaud failed to file an opposing statement of material facts, supported by record citations, containing facts from which a jury could have determined that the defendants had been negligent in their treatment of Michaud. *See* M.R. Civ. P. 56(h)(2). Because Michaud, as plaintiff, was required to present an expert's opinion and a supported statement of material facts in support of his claim, *Jacobs,* 530 A.2d at 236, and failed to do so, the court appropriately accepted all of the facts as-

serted in the defendants' motion for summary judgment as true, M.R. Civ. P. 56(h)(4), and correctly granted the defendants' appropriately supported motion for summary judgment. *See Johnson v. Carleton,* 2001 ME 12, ¶ 15, 765 A.2d 571, 576.

[¶ 7] Contrary to Michaud's argument, his right to have his civil case heard by a jury was not violated. The right to have a civil case heard by a jury is only implicated when factual questions exist. *See Fid. & Deposit Co. v. United States,* 187 U.S. 315, 319-20, 23 S.Ct. 120, 47 L.Ed. 194 (1902). Michaud failed to generate a factual dispute regarding his allegation that the defendants had been negligent, and he therefore did not present a matter appropriate for consideration by a jury.

[¶ 8] Neither was Michaud's right to be represented by counsel offended. *See Meyer v. Meyer,* 414 A.2d 236, 238 (Me.1980). There exists no general right to representation by counsel in civil litigation between private parties. *Id.*

[¶ 9] Because we discern no error in the court's entry of summary judgment in favor of the defendants, we must affirm the judgment.[4]

The entry is:

Judgment affirmed.

---

4. Michaud sought oral argument in this matter to argue the facts in support of his claim. Because Michaud failed to present those facts to the Superior Court through the presenta-

tion of expert opinion and a supported statement of material facts, oral argument would not have benefited Michaud.