STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, SS.                                    Docket No. CV-18-32


NICHOLAS MANSELL                 )
            Plaintiff,           )
                                 )
                                 )
        v.                       )            **ORDER**
                                 )
                                 )
EASTERN MAINE MEDICAL CENTER     )
            Defendant.           )


This matter came before the Court on August 31, 2020 for a telephonic hearing on the pending motions. Mr. Mansell participated pro se. Attorney Gould appeared for the Defendant.

There are four motions pending before the Court. The Court will address each motion.

Plaintiff's Motion to Amend the Complaint

        Plaintiff's Motion to Amend the Complaint is denied. Plaintiff seeks to add a lack of informed consent theory to this medical malpractice case in that he asserts that he was not informed that nerve damage was a risk of the surgery performed on him. However, this claim was not presented to the mandatory medical malpractice screening panel, and therefore the theory is barred. 24 M.R.S. §§2851-2859. Moreover, and alternatively, Plaintiff has not designated an expert on this issue and therefore the theory is not viable. *See Michaud v. Blue Hill Mem. Hosp.*, 2008 ME 29, ¶ 5, 942 A.2d 686, 688 ("except in unusual circumstances . . . a plaintiff in a medical malpractice case must prove the nature and scope of the defendants' duty by expert medical testimony.")

Plaintiff's Motion to Extend Discovery

        Plaintiff's Motion to Extend Discovery is denied. Plaintiff seeks an extension to secure a copy of the current consent form used for the surgical procedure at issue in this case. However, given that Plaintiff's Motion to Amend his Complaint to add lack of informed consent as a claim in this case has been denied, the document in question is not relevant.

Defendant's Motion to Strike Confidential Materials

        Defendant has moved that certain materials be stricken from the record because they are confidential as a matter of law.

1

The Court grants Defendant's Motion to Strike the panel process designation of expert witnesses and the letter of guidance. These materials are deemed confidential and will not be available for public inspection.

Defendant's Motion for Summary Judgment

Defendant filed its Motion for Summary Judgment with incorporated Memorandum of Law on February 12, 2020. The Motion was supported by Statements of Material Fact. Plaintiff filed his "Response" to Plaintiff's Motion for Summary Judgment on February 18, 2020. Plaintiff's February 18, 2020 filing was in a narrative form with several attachments, and did not include any document admitting, denying or qualifying the Defendant's Statement of Material Facts. Nor did Plaintiff file any Statement of Additional Material Facts. Defendant filed its Reply Brief on February 21, 2020.

Plaintiff's filing in opposition to Defendant's Motion for Summary Judgment does not comply with the Rules of Civil Procedure. Plaintiff *did not* file an Opposing Statement of Material Facts. The filing of an Opposing Statement is a *mandatory* aspect of opposing motions for summary judgment. *See* M.R. Civ. P. 56(h)(2)[1]. The Rules require a party opposing a motion for summary judgment to "admit, deny or qualify the facts asserted by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule." *Id.* Further, "[f]acts contained in a supporting . . . statement of material facts, if supported by record citations as required by this rule, *shall be deemed admitted unless properly controverted* . . . The court shall

---

[1] Defendant has moved to strike Plaintiff's Opposition to Defendant's Motion for Summary Judgment because the Opposition does not comply with Rule 56(h)(2). The Opposition does not comply with the Rules. Moreover, even considering the Opposition on the merits, particularly with the issue addressed in footnote #2, the Opposition is insufficient to defeat the Motion for Summary Judgment.

have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." [2] *Id.* 56(h)(4) (emphasis added).

Thus, the Court must treat Defendants' asserted material facts as if Plaintiff admitted them, provided that Defendants' asserted material facts are properly supported by the record. *See Cach, LLC v. Kulas*, 2011 ME 70, ¶ 9, 21 A.3d 1015 (a party's "factual assertions may not be deemed admitted because of an improper response unless those factual assertions are properly supported."). The Court has reviewed Defendants' factual assertions and concludes that all asserted facts material to the elements of Plaintiff's claims are properly supported by the record citations. That being the case, there are no genuine disputes of material fact and Defendant is entitled to judgment as a matter of law on Plaintiff's claims. Defendant's Motion for Summary Judgment is granted.

The entry is:

1. Plaintiff's Motion to Amend the Complaint is denied.
2. Plaintiff's Motion to Extend Discovery is denied.
3. Defendant's Motion to Strike Confidential Materials is granted. The designation of expert witnesses from the panel process and the letter of guidance are deemed confidential.
4. Defendant's Motion for Summary Judgment is granted.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).


Dated: September 5, 2020

ORDER/JUDGMENT ENTERED IN THE
COURT DOCKET ON: 9-9-2020

Ann M. Murray, Justice
Maine Superior Court

---

[2] In this case, even if the Court were to search the record, the Motion for Summary Judgment would still be granted. Plaintiff did not designate any expert witnesses in accord with the Court's June 3, 2019 Scheduling Order. Such Order required that the Plaintiff designate his expert witnesses not later than 3 months from the date of the Order. During the telephone hearing, Plaintiff represented that he had secured the services of Dr. Stommel, one of the expert witnesses designated during the Screening Panel process, and the Court accepts this representation. However, Dr. Stommel was Plaintiff's causation and damages expert. Dr. Whang was Plaintiff's standard of care expert during the Screening Panel process and Plaintiff has not secured his services for the case that is pending before the Court, nor has Plaintiff secured any other standard of care expert. Even setting aside the Rule 56 shortcomings set forth above, without a standard of care expert in a medical malpractice case such as this, Plaintiff cannot withstand a Motion for Summary Judgment.

3