■    VINCENT DE VIVO, Appellant, v. DARTWOOD REALTY CO., INC., et al., Respondents. (And a Third-Party Action.) — In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered May 2, 1968 after a jury trial, in favor of defendants upon the trial court's dismissal of the complaint at the close of the entire case. Judgment affirmed insofar as it is in favor of defendant Monitor Plumbing & Heating Co., Inc., without costs; and, as to defendant Dartwood Realty Co., Inc., judgment reversed, on the law, action severed, and new trial granted, with costs to abide the event. In our opinion the proof raised a question for the jury as to whether defendant Dartwood Realty Co., Inc., violated subdivision (i) of rule 23.3 of the Industrial Code (12 NYCRR 23.3, subd. [i]). If it did, that would be some evidence of negligence on its part (*Conte* v. *Large Scale Development Corp.,* 10 N Y 2d 20, 29). We further believe that on this proof there was no issue raised with respect to common-law negligence on the part of either Dartwood or its codefendant, Monitor Plumbing & Heating Co., Inc. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.

■    MARILYN EMERSON, Appellant, v. EDGAR EMERSON, Respondent.— In a proceeding for permission to petitioner to prosecute as a poor person an action for divorce (CPLR 1101, 1102) and for related relief, including assignment of counsel, petitioner appeals from an order of the Supreme Court, County of Nassau, entered May 15, 1969, which denied the application. Order reversed, on the law and the facts, without costs, and application granted; John C. Schaeffer, Jr. (of Legal Aid Society of Nassau County, Civil Division), having consented to act as petitioner's attorney in such divorce action without compensation, except as to statutory costs, is herewith assigned as her attorney in such action. In our opinion, petitioner's allegation that she is the recipient of public assistance and has no available property to draw upon establishes prima facie that she is unable to pay the costs, fees and expenses necessary to prosecute her contemplated action. In the absence of proof controverting these allegations, she is entitled to poor person relief. Beldock, P. J., Brennan, Munder, Martuscello and Kleinfeld, JJ., concur.

■    In the Matter of JEROME ALHADEFF, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.— In a proceeding pursuant to article 78 of the CPLR to annul respondent's determination dated March 21, 1968, which suspended petitioner's driver's license for 60 days, determination confirmed and proceeding dismissed on the merits, without costs. No opinion. Brennan, Acting P. J., Hopkins, Benjamin and Martuscello, JJ., concur; Rabin, J., dissents, and votes to annul the determination, with the following memorandum: I find no basis upon which respondent could properly conclude that petitioner violated subdivision (a) of section 1120 of the Vehicle and Traffic Law and that such violation was the proximate cause of an accident involving the vehicles of petitioner and another driver. As I see it, the evidence adduced indicated that on a rainy morning one car or the other skidded and that, whichever car skidded, no element of fault was attributable to the driver of the skidding vehicle. Under the circumstances, even if it was petitioner's vehicle which skidded on wet pavement during a rainstorm, he was blameless for what occurred and should not be punished therefor, as if he had willfully failed to keep his car to the right, on the westbound lane where it belonged, and caused it to cross over to the eastbound lane where the other vehicle was present.