BEVERLY KIRK, Appellant, v. HENRY KIRK, Defendant. ELI GINGOLD, as Onondaga County Attorney, Respondent.— Order affirmed, without costs. Memorandum: Upon the argument counsel advised the court that the husband has now been found and publication of process upon him will not be necessary in order for the wife to institute her action for divorce. It is estimated by counsel that her financial needs in this matter will be less than $25. Under these circumstances we should not disturb the discretion exercised by Special Term. We do not question the principle enunciated in *Emerson* v. *Emerson* (33 A D 2d 1022). All concur except Cardamone, J., who dissents and votes to reverse the order in the following memorandum: I dissent and vote to reverse the order which denied petitioner her application for leave to sue for a divorce as a poor person (CPLR 1101–1102). The petitioner made application for such relief in September, 1971 at which time she had four minor children aged 10 to 4 years and was also pregnant. She had been a recipient of public assistance since May or June, 1969 and has no available assets or property to draw upon. There is no proof in the record before us controverting these issues and appellant is, therefore, prima facie entitled to proceed as a poor person (*Emerson* v. *Emerson*, 33 A D 2d 1022). The trial court at the first hearing in September, 1971 found that appellant was "indigent at this time" and issued an order permitting her to proceed as a poor person. At a second hearing held in November, 1971 the trial court reversed itself after hearing, as additional facts, that appellant was granted $40 per month pregnancy allowance, received $187 representing a retroactive welfare payment, and was entitled to a $30-$35 monthly heating allowance. The record also reveals, however, that petitioner's monthly heating bill varied from $30 to $65 per month often exceeding the allowance granted; that the $126 worth of food stamps to which she was entitled was insufficient to meet food bills and care properly for appellant and her family, and that the $187 back payment she received was spent on school supplies and clothing for four school-age children shortly after being received. Even when the State of New York was able to pay 100% of budget needs, the Supreme Court, citing a 1967 Department of Health, Education & Welfare Report, stated in *Rosado* v. *Wyman* (397 U. S. 397, 408–409, n. 12) " While New York purports to have paid its full standard, it would thus appear not to have paid enough to take a family out of poverty ". In 1971 to accommodate stringent budgetary problems, New York was compelled to reduce its payment to 90% of the standard of need for aid to families with dependent children and home relief by amending the Social Services Law (L. 1971, ch. 133). The conclusion that appellant's welfare payments raise her and her family above the poverty level, therefore, is refuted by the economic realities of the public assistance program. It should be acknowledged that if someone with different obligations or under different circumstances had been paid the same sum in welfare assistance that petitioner received, such an individual might have been raised above the poverty level of the community and not have been entitled to proceed as a poor person. But the benefits paid petitioner to feed, clothe, shelter and generally provide support for herself and her four small children do not raise that family unit above the poverty level. Further, the appellant is entitled to a liberal not narrow construction of article 11 to secure the privilege which it confers (CPLR 104; *Matter of Brown* v. *Wyman*, 59 Misc 2d 740, 742) and need not be absolutely destitute to enjoy the benefit of a poor person statute (cf. *Adkins* v. *Du Pont Co.*, 335 U. S. 331, 339–340).

The Constitution of New York mandates that no "divorce [shall] be granted otherwise than by due judicial proceedings" (N. Y. Const., art. I, § 9, subd. 1). Due process prohibits the State from denying access to its courts to those individuals seeking dissolution of their marriages solely because they are poor and unable to pay (*Boddie* v. *Connecticut*, 401 U. S. 371). It was an abuse of discretion to deny appellant permission to proceed as a poor person under article 11 of the CPLR. The order of the trial court should, therefore, be reversed. (Appeal from order of Onondaga Special Term denying motion to proceed as poor person in divorce action.) Present — Goldman, P. J., Witmer, Moule, Cardamone and Henry, JJ.