Morton M. Z. Lynn, J.
In this proceeding to recover possession of real property from a tenant for nonpayment of rent, the landlord alleged there was due $280. The tenant claimed an offset for a breach of the warranty of habitability and counterclaimed for damages.
The tenant demanded a jury trial. The trial was started on June 11, 1973 and lasted two full days, including one evening session.
The jury found a verdict for the landlord in the sum of $200. Apparently feeling aggrieved that the jury found so much rent due, the tenant has appealed and has asked this court to accord to her poor person status both as to the prior proceeding and as to the appeal.
The procedure of seeking relief in this court after the notice of appeal has been filed is, undoubtedly, correct (Jenks v. Murphy, 21 A D 2d 346). The grant or denial of the relief is a matter resting in the sound discretion of the court (Smith v. Smith, 2 N Y 2d 120).
Unable to determine the facts from moving papers or to feel that I had a sound basis for the exercise of discretion, I directed that a full scale hearing be had and testimony taken. The hearing was held on September 25, 1973.
On the hearing, the landlord petitioner and the County Attorney (whose interest, of course, is that the County of Albany must bear the expense of the transcript of the stenographic record if the application is granted) attacked the good faith of the appeal and sought to show that the entire defense of1 the proceeding and that the appeal as well were not taken by the tenant for her own purposes but was contrived by the Legal Aid Society of Albany, Inc. for its own purposes. While ‘ ‘ The court in passing upon a motion for permission to proceed as a poor person should consider the moving party’s motives, for the privileges granted to a poor person are made available at the expense and inconvenience of the court, the litigants and the public” (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 1101, Legislative Studies and Reports), I will not accord to the Legal Aid Society of Albany, Inc., anything other than the highest motives in pursuing the cause of justice for its clients and in its practice before this court.
*1086 I therefore address myself to the facts of this application.
The tenant showed that her income from her occupation at the time of the trial was $74.50 per week, tax free and that she expected tins soon would be substantially increased. In addition, she is paid $18 per week from a roomer. Her father sends her money which ordinarily averages a little better than $6 per week. Her income, therefore, .is about $98.50 per week or about $422 per month. By the use of food stamps, she increases this to $452 per month. Her necessary expenses, as she testified to them, amount to only $326 per month and included in her expenses to which she testified are the expenses of a 13-year-old son, whose custody has been awarded to his father (from whom the tenant is separated) but whom she voluntarily keeps, notwithstanding the court order. It is a little difficult for me to see how a person whose income exceeds her expenses by $126 per month reasonably can ask the general public to assume her burden, to expect the Legal Aid Society to furnish free legal services (which in the long run, are paid for by the general public), and to ask the general public to pay for the expenses of her appeal.
I find as a matter of fact that the tenant is not a poor person and as a matter of law and in the exercise of discretion, I deny her application to be awarded poor person .status both as to the proceedings prior to the application and for leave to proceed on appeal as a poor person.