■ MARK J. SUNDT, Appellant, v NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent. — Order unanimously reversed, with costs, and matter remitted to Supreme Court, Wyoming County, for further proceedings in accordance with the following memorandum: After a jury verdict of no cause of action was returned against him, plaintiff moved pursuant to CPLR 1101 before the trial court for permission to proceed on appeal as a poor person. The trial court denied plaintiff's motion, notwithstanding a finding that a meritorious basis for appeal exists, because the plaintiff was currently employed. In determining whether a party should be afforded poor person status, a court should completely examine the party's over-all financial situation (see, e.g., *Lancer v Lancer,* 70 Misc 2d 1045). The trial court failed to do so and erred in finding that plaintiff did not qualify as a poor person solely because of his employment. The trial court, in its sound discretion, should determine whether plaintiff qualifies as a poor person (*Jenks v Murphy,* 21 AD2d 346). (Appeal from order of Supreme Court, Wyoming County, Johnson, J. — poor person status.) Present — Dillon, P. J., Hancock, Jr., Doerr, Moule and Schnepp, JJ.

■ SHARON DRABEK, Respondent, v DENNIS DRABEK, Appellant. — Appeal from order entered October 17, 1979 unanimously dismissed as academic; order entered March 12, 1981 unanimously reversed, without costs, and plaintiff's motion for counsel fees denied. Memorandum: It was an improvident exercise of discretion to direct defendant to pay temporary counsel fees of $1,250 on behalf of plaintiff (see Domestic Relations Law, § 237, subd [a]). At the time of the award, plaintiff's net assets exceeded $100,000 and included at least $52,000 in cash. She was fully capable of paying her own counsel fees. (Appeal from order of Supreme Court, Erie County, Gossel, J. — counsel fees.) Present — Dillon, P. J., Hancock, Jr., Doerr, Moule and Schnepp, JJ.