■ In the Matter of JOHN J. BENYI, Appellant, v BROOME COUNTY SHERIFF'S DEPARTMENT et al., Respondents.—Levine, J.

In May 1987 petitioner, who was incarcerated at the Broome County Jail on pending criminal charges, was assaulted by another inmate. As a result of the assault petitioner was hospitalized and, on May 28, 1987, underwent cranial surgery to relieve a subdural hematoma. In January 1989 petitioner made a motion in Supreme Court for permission to proceed as a poor person in an action he intended to commence against respondent Broome County Sheriff's Department for negligence or willful misconduct in failing to adequately protect him, and against respondent William Teller, the doctor who performed petitioner's surgery, for medical malpractice. Supreme Court denied petitioner's motion on the grounds that petitioner's affidavit of financial worth was insufficient and that petitioner failed to specify facts sufficient to ascertain the merits of the claim (see, CPLR 1101 [a]). Supreme Court further noted that an action against the Sheriff's Department relating to the assault would be barred by the Statute of Limitations. Petitioner appeals.

In support of his claim that he does not have the financial means to maintain the action, petitioner stated in his affidavit that he is currently incarcerated in Attica Correctional Facility, that his income is "minimal" and that he is unable to pay the costs associated with the action. Petitioner further averred that no other person is beneficially interested in the action and that he had been granted poor person status in his Broome County criminal proceeding and in the appeal from his conviction. We believe that these averments, taken together, are sufficient to establish prima facie that petitioner is unable to pay the costs and fees necessary to maintain the contemplated action (see, Emerson v Emerson, 33 AD2d 1022; Hotel Martha Washington Mgt. Co. v Swinick, 66 Misc 2d 833, 834). This is particularly true in light of the fact that the Broome County Attorney did not oppose petitioner's application for poor person status.

In support of his malpractice action against Teller, petitioner averred that "despite wriiten [sic] notice that [petitioner] was allergic to steroids, [Teller] did cause steroids to be injected into [petitioner] intravenously" during the surgery performed on May 28, 1987. In our view, this is an adequate statement of merit under CPLR 1101 (a) to sustain the claim for medical malpractice (see, 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1101.06). We also believe that petitioner's factual averments were sufficient to demonstrate arguable merit to his claim against the Sheriff's Department. In view of the possibility that petitioner may have grounds which he may

invoke to toll the Statute of Limitations, and recognizing that this is a waivable defense, we believe that it was premature to deny petitioner's motion based on the expiration of the limitations period. Thus, we conclude that Supreme Court abused its discretion in denying petitioner's motion to proceed as a poor person. The matter should be remitted to Supreme Court so that the court may consider petitioner's further request that an attorney be appointed to represent him.

Order reversed, on the law and the facts, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.