■ RONNIE SLEDGE, Appellant, v DON HESSON, Respondent. [711 NYS2d 553] —Graffeo, J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered July 26, 1999 in Tompkins County, which denied plaintiff's motion for poor person status and dismissed the complaint as time barred.

While incarcerated at the Tompkins County Jail, plaintiff allegedly sustained rectal injuries in November 1991 after consuming food contaminated with debris. According to plaintiff, he initially received medical treatment in the health clinic at the jail and was ultimately taken to the County hospital where he was diagnosed with anal fissures in December 1991 and scheduled for surgery. Plaintiff contends that in February 1992, a physician's assistant at the jail clinic refused to permit the surgery.

In June 1999, plaintiff made a motion in Supreme Court for permission to proceed as a poor person in connection with a medical malpractice and negligence action he intended to commence against defendant, the physician's assistant plaintiff claims refused to permit the surgery. There is no indication in the record that defendant was served with the motion papers, but consistent with the CPLR provision governing such motions (see, CPLR 1101 [c]) the papers were provided to the Tompkins County Attorney. Tompkins County opposed the motion, claiming that poor person status should be denied because plaintiff's medical malpractice or negligence action would be

time barred under the applicable Statute of Limitations. Although Supreme Court determined that plaintiff made the requisite showing that he lacked the financial means to maintain the action, plaintiff's motion was denied. Based on the assumption that defendant was a County employee who would be represented by the County Attorney if the action was commenced, the court deemed the County's opposition papers the "functional equivalent" of a motion to dismiss the complaint made on behalf of defendant and dismissed the complaint as time barred. Plaintiff appeals.

Upon review of the record, we conclude that Supreme Court did not abuse its discretion in denying the application for poor person relief on the ground that the proposed action lacked merit (see, CPLR 1101). The County has clarified on this appeal that it has no direct interest in any potential litigation in this matter since defendant is not a County employee, and its opposition to plaintiff's application was submitted for the sole purpose of protecting public funds. Accordingly, as the action was never actually commenced and it is now evident that the County's opposition papers should not have been deemed a preanswer motion to dismiss by defendant, there was no basis for a judgment dismissing the complaint.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the complaint, and, as so modified, affirmed.