In the Matter of SAMUEL McNEAR, Appellant, v STATE OF NEW YORK et al., Respondents. [831 NYS2d 591]—

Mercure, J. Appeal from an order of the Supreme Court (Feldstein, J.), entered September 6, 2005 in Clinton County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, inter alia, denied petitioner's application for poor person status.

In 1997, petitioner was convicted of rape in the first degree, three counts of rape in the third degree, sodomy in the third degree, sexual abuse in the first degree, attempted rape in the first degree and attempted sodomy in the first degree. The sentences were imposed both concurrently and consecutively with the harshest being a 25-year determinate prison term on the first degree rape conviction. Petitioner commenced this combined action and proceeding seeking habeas corpus relief

and a declaration that Penal Law § 130.16 is unconstitutional. Supreme Court declined to issue a writ of habeas corpus and, with respect to the part of the matter seeking a declaratory judgment, the court took no action on petitioner's request for poor person status pending receipt of an attorney's certificate of merit under CPLR 1101 (b) within 60 days. While petitioner subsequently filed a purported certificate, it was not executed by an attorney; rather, petitioner authored it himself. Supreme Court found the certificate deficient and accordingly denied petitioner's request for permission to proceed as a poor person. Petitioner now appeals from the denial of poor person relief.

We affirm. Under CPLR 1101 (b), a court may direct the filing of an attorney's certificate of merit when a party is seeking poor person relief. Citing to the provisions under that statute pertaining to fees for inmates (*see* CPLR 1101 [f]), petitioner contends that Supreme Court's direction that he file an attorney's certificate of merit was in error. We find petitioner's argument unavailing. CPLR 1101 (a) requires a court to review poor person applications on their merits. This necessity is not obviated by the fact that the applicant is a prison inmate (*see Sledge v Hesson*, 274 AD2d 777, 778 [2000]; *Matter of Benyi v Broome County Sheriff's Dept.*, 158 AD2d 869, 870 [1990]). In addition, even if the court erred in requiring a certificate executed by an attorney, we agree with Supreme Court that petitioner's averments in regard to his case did not constitute an adequate statement of merit (*cf. Matter of Benyi v Broome County Sheriff's Dept., supra* at 870-871). Petitioner's remaining contentions have been considered and rejected for lack of merit.

Cardona, P.J., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.