# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1253**

**CA 13-00517**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

CHARTER ONE BANK, FSB, SUCCESSOR BY MERGER
TO ALBANK, FSB, PLAINTIFF-RESPONDENT,

V                                                                          MEMORANDUM AND ORDER

RICHARD F. MILLS, DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.
(APPEAL NO. 1.)

---

RICHARD F. MILLS, DEFENDANT-APPELLANT PRO SE.

HARRIS BEACH PLLC, PITTSFORD (JOHN A. MANCUSO OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Genesee County (Robert
C. Noonan, A.J.), entered January 13, 2012. The order denied the
respective motions of defendant Richard F. Mills for permission to
proceed as a poor person and for recusal.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action in 2001 to foreclose
upon a mortgage given by defendants and, in 2002, a judgment of
foreclosure was entered upon defendants' default. In 2011, Richard F.
Mills (defendant) moved to vacate the default judgment pursuant to,
inter alia, CPLR 5015. At the same time, defendant filed a separate
motion seeking permission to proceed as a poor person pursuant to CPLR
1101. A month later, defendant filed a separate motion for recusal.

By the order in appeal No. 1, Supreme Court denied defendant's
motion seeking permission to proceed as a poor person inasmuch as
defendant failed to file an attorney's certificate of merit pursuant
to CPLR 1101 (b), as required by the court, and also denied
defendant's motion for recusal. Defendant subsequently moved for
leave to renew or reargue and, by the order in appeal No. 2, the court
denied the motion. By the order in appeal No. 3, the court denied
defendant's motion to vacate the 2002 default judgment.

With respect to appeal No. 1, we conclude that the court did not
abuse its discretion in denying defendant's motion for permission to
proceed as a poor person. The statute unequivocally states that
"[t]he court may require the moving party to file . . . a certificate
of an attorney stating that the attorney has examined the action and

believes there is merit to the moving party's contentions" (CPLR 1101 [b]). Here, defendant failed to file the certificate required by the court (*see Abreu v Hutchings*, 71 AD3d 1254, 1254-1255, *appeal dismissed* 15 NY3d 836; *Matter of McNear v State of New York*, 38 AD3d 1093, 1094, *lv denied* 9 NY3d 801), and he otherwise failed to establish that his motion to vacate the default judgment has " 'arguable merit' " (*Jefferson v Stubbe*, 107 AD3d 1424, 1424, *appeal dismissed*, *lv denied* 22 NY3d 928; *cf. Popal v Slovis*, 82 AD3d 1670, 1670-1671, *lv dismissed* 17 NY3d 842).

Contrary to defendant's further contention in appeal No. 1, we conclude that the court did not abuse its discretion in denying his motion for recusal. "Absent a legal disqualification under Judiciary Law § 14, a [t]rial [j]udge is the sole arbiter of recusal . . . [and a] court's decision in this respect may not be overturned unless it was an abuse of discretion" (*Curto v Zittel's Dairy Farm*, 106 AD3d 1482, 1482-1483 [internal quotation marks omitted]). Defendant has not alleged any legal disqualification, and we perceive no abuse of discretion in the denial of his motion. The mere fact that defendant commenced an action in federal court against the court herein does not require the court to recuse itself (*see Ashmore v Ashmore*, 92 AD3d 817, 820, *lv denied* 19 NY3d 807), particularly where, as here, "nothing in the record indicates that the [court] had a direct, personal, substantial, or pecuniary interest in the outcome [of the instant case]," and the court's status as a defendant in the federal civil action did not result in a "clash in judicial roles" (*Matter of Khan v Dolly*, 39 AD3d 649, 650-651; *see also Matter of Petkovsek v Snyder*, 251 AD2d 1086, 1086-1087).

With respect to appeal No. 2, we dismiss the appeal from the order therein to the extent that it denied leave to reargue. No appeal lies from such an order (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984). With respect to the remainder of the order in appeal No. 2, even assuming, arguendo, that the court in fact granted leave to renew, in light of our determination in appeal No. 1, we conclude that the court did not err in adhering to its prior decision.

With respect to appeal No. 3, we reject defendant's contention that the court erred in entering the default judgment without first appointing a guardian ad litem to protect his interests. Although a court should appoint a guardian ad litem to protect the rights of, inter alia, "an adult incapable of adequately prosecuting or defending his rights" (CPLR 1201), the evidence submitted by defendant "failed to set forth any professional medical opinion that the defendant . . . may have lacked the mental ability to adequately protect [his] rights and interests during the relevant time period" (*Mohrmann v Lynch-Mohrmann*, 24 AD3d 735, 736), and otherwise failed to establish that he required a guardian ad litem at the time that the default judgment was entered. Finally, although defendant raised several other contentions in the motion court, he has not raised those contentions in his brief and thus is deemed to have abandoned them (*see generally Huen N.Y., Inc. v Board of Educ. Clinton Cent. Sch. Dist.*, 67 AD3d 1337, 1337-1338; *Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

        We have considered defendant's remaining contentions with respect
to all three appeals and conclude that they are not properly before us
or lack merit.

Entered:  December 27, 2013                Frances E. Cafarell
                                          Clerk of the Court