Y.H. v I.C. (2025 NY Slip Op 51717(U))

[*1]

Y.H. v I.C.

2025 NY Slip Op 51717(U)

Decided on October 24, 2025

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 24, 2025
Supreme Court, Westchester County

Y.H., Plaintiff,

against
I.C., Defendant.

Index No.: XXXXX

Plaintiff: Self-Represented
Defendant: No Appearance

James L. Hyer, J.

The following documents were considered in connection with the notice of motion of the Plaintiff, dated October 16, 2025, (hereinafter "Motion Sequence No. 1"), seeking the entry of an Order granting the following relief:
1. Application to waive court costs, fees and expenses.
PAPERS    
DOC. NO.
Notice of Motion/Application to Proceed as Poor Person (Affirmation)/Poor Person Order (Proposed) 1-3
 Relevant Factual and Procedural Background
This action was commenced, as an uncontested matrimonial matter, on October 16, 2025, with the Plaintiff's filing of a summons and verified complaint (hereinafter "Complaint").[FN1]
The Complaint seeks judgment against the Defendant dissolving the marriage between the parties to this action pursuant to New York State Domestic Relations Law (hereinafter "DRL") § 170(2), asserting that the Defendant abandoned the Plaintiff, leaving the then marital residence in December, 1985, and not returning, with such absence being without cause or justification and without Plaintiff's consent; and, DRL § 170(7), asserting that the parties' relationship has irretrievably broken down for a period in excess of six months and requests other ancillary relief. [*2]Of note, Plaintiff asserts there are no unemancipated children of the marriage.
Simultaneously, Plaintiff filed a request for judicial intervention [FN2]
along with Motion Sequence No. 1 [FN3]
seeking the above-referenced relief. Plaintiff submits an affirmation in support (hereinafter "Plaintiff's Affirmation"),[FN4]
which includes two documents, to wit: (1) a social security benefit verification letter, showing a monthly benefits payment of $887.00, and (2) proof of the parties' marriage by civil ceremony. Notably, Plaintiff's Affirmation asserts her current monthly income in totality is encapsulated by the social security benefit received as set forth herein above, she pays monthly rent in the amount of $293.00 and a current cash on-hand amount, being $236.00. Overall, it appears Plaintiff is left with $594.00 per month for living expenses following her rent payment. Notably, Plaintiff does not provide this Court with any other information regarding monthly out-of-pocket expenses to take into account regarding this application.
No further submissions were received regarding Motion Sequence No. 1.

Legal Analysis
A. Insufficient Means Application.
1. Recent Amendments to Applicable Law.
Article 11 of the Civil Practice Law and Rules (hereinafter "CPLR") was previously titled "poor persons." As an initial matter, on December 13, 2024, the New York State Legislature amended CPLR §§ 1101-1103 to provide that in relation to the waiver of costs, fees, and expenses for persons of insufficient means, the phrase "poor person" was to be eliminated, providing a summary of the new provisions as follows:
"Section 1 of the bill amends CPLR § 1101(a) to remove the reference to "motion for permission to proceed as a poor person," and redesignate that motion as a "motion to waive costs, fees, and expenses" via 'affirmation or affidavit'; and to provide that, in order to prevail on such a motion, a moving party must show that such party "lacks sufficient means to pay the costs, fees, and expenses necessary to prosecute or defend the action or appeal.
Section 2 and 3 of the bill amends CPLR §§ 1102 and 1103, respectively, to remove references to "poor person" and replace them with references to a party who successfully moves a court pursuant to CPLR 1101(a).
Section 4 of the bill makes similar changes to Section 380.55 of the Criminal Procedure Law.
Section 5 of the bill makes the bill effective immediately" (See, 2023 New York State Bill No. 9452, S9452 [NS]).
Furthermore, the justification for such amendments by the legislature set forth the reasoning for the recent changes, stating specifically:
"The designation of individuals with insufficient means to prosecute or defend a legal [*3]action as 'poor persons' is a highly outdated, pejorative, and often inaccurate legal term. This bill would amend the affected statutes to eliminate such designation and to clearly and accurately reflect their combined purpose, which is to describe the making of a motion to waive costs, fees, and expenses, and the benefits that can flow from a successful motion. Furthermore, this bill would clarify that the 'property' that must be reported by a moving party under CPLR § 1101 as among the party's assets, in addition to the party's other income, is real property owned by the moving party.
In addition, given recent amendments to CPLR § 2106 authorizing the use of affirmations in lieu of affidavits for any person in a civil action pursuant to chapter 559 of the Laws of 2023, the bill further amends CPLR § 1101 to provide that a party may submit an affirmation when moving for a waiver of costs, fees, and expenses. This change will help make it clear that a party is no longer required to submit a notarized affidavit when making such motion. This should save individuals, many of whom are impecunious, the time, cost, and burden associated with locating a notary" (See, 2023 New York State Bill No. 9452, S9452 [NS]).
Therefore, moving forward with the review of the pending motion, while the movant's application includes a request to proceed as a "poor person," this Court will refer to Plaintiff's requested relief as an application by a party seeking relief pursuant to CPLR § 1101(a).
2. New York Law Regarding the Rights Of A Person of Insufficient Means.
Article 17 § 1 of the New York State Constitution sets forth a mandate for the state to provide assistance to those individuals of insufficient means, "The aid, care and support of the needy are public concerns and shall be provided by the state and by such of its subdivisions, and in such manner and by such means, as the legislature may from time to time determine" (see, NY Const. Art. XVII § 1). In the implementation of this mandate, the New York State Legislature may determine which individuals are to be afforded financial assistance and how that financial assistance will be provided (Aliessa ex rel. Fayed v. Novello, 96 NY2d 418 [2001]).
In the context of those asserting they are of insufficient means seeking to utilize the New York State Courts, our Legislature has adopted several statutes affording the opportunity to obtain support including the ability to apply for a waiver of costs, fees, and expenses under Article 11 of the CPLR. Additionally, parties of insufficient means may be entitled to the assignment of counsel through one of two methods, either through Article 11 of the CPLR or through New York State Judiciary Law § 35, depending on the circumstances of the parties and the subject matter of the litigation. The Court now explores these parties' rights herein-below.

 a. CPLR Article 11
CPLR § 1101(a) provides individuals asserting they are of insufficient means to obtain a fee waiver based on their lack of financial capabilities: 
"Motion to waive costs, fees, and expenses; affidavit or affirmation, certificate; notice; when motion not required.
(a) Upon motion of any party, the court in which an action is triable, or to which an appeal has been or will be taken, may waive the costs, fees, and expenses if such party has insufficient means to pay such costs, fees, and expenses. Where a motion to waive costs, fees, and expenses is made in the court in which an appeal has been or will be taken, such court shall hear such motion on the merits and shall not remand such motion to the trial court for consideration. The moving party shall file an affidavit or affirmation [*4]setting forth the amount and sources of such party's income and assets and listing any real property owned by such party with its value; that such party lacks sufficient means to pay the costs, fees, and expenses necessary to prosecute or defend the action or to maintain or respond to the appeal; the nature of the action; sufficient facts so that the merit of the contentions can be ascertained; and whether any other person is beneficially interested in any recovery sought and, if so, whether every such person is unable to pay such costs, fees, and expenses. An executor, administrator, or other representative may move for a waiver of costs, fees, and expenses on behalf of a deceased, infant, or incompetent person" (CPLR § 1101[a]).
* * * *
"Privileges of party with insufficient means to pay costs, fees, and expenses in an action or on appeal."
CPLR § 1102 then provides the presiding justice who has determined an individual to be entitled to a fee waiver the discretion to appoint pro bono counsel for that individual:
"(a) Attorney. Where a court grants a motion pursuant to subdivision (a) of section one thousand one hundred one of this article, the court, in its order determining the motion, may assign an attorney to the moving party" (CPLR § 1102[a])."
In the context of matrimonial actions, New York Courts have been abundantly clear, that CPLR §§ 1101(a) and 1102(a) authorize the waiver of litigation costs, fees and expenses; and, the assignment of pro bono counsel to parties of insufficient means seeking divorce (See, Emerson v. Emerson, 33 AD2d 1022 [2d Dept 1970]; Jacox v. Jacox, 43 AD2d 716 [2d Dept 1973]; Kirk v. Kirk, 41 AD2d 594 [4th Dept 1973]; Borkowski v. Borkowski, 90 Misc 2d 957 [Sup. Ct. Steuben County 1977]; In re Smiley, 36 NY2d 433 [1975]; Medina v. Medina, 109 AD2d 691 [1st Dept 1985]).
"New York courts have historically assigned counsel in appropriate cases to serve without compensation in reliance on the long-standing professional obligation of the bar to the poor. 'Inherent in the courts and historically associated with the duty of the Bar to provide uncompensated services for the indigent has been the discretionary power of the courts to assign counsel in a proper case to represent private indigent litigants. Such counsel serve without compensation. Statutes codify the inherent power of the courts'" (Y.H. v. E.S., 76 Misc 3d 398 [Sup. Ct. Putnam Cnty 2022]; CPLR § 1102). "As for the Bar they follow, as they are obliged to do, the canons of their profession in performing obligations to the indigent and duties imposed by assignment of the courts. If more is required, the relief must be provided by the Legislature." (In re Smiley, 36 NY2d 433 [1975] at 438, 441; Y.H. v. E.S., 76 Misc 3d 398 [Sup. Ct. Putnam Cnty 2022]).
b. New York Judiciary Law § 35
Alternatively, parties of insufficient means have the statutory right to counsel pursuant to Judiciary Law (hereinafter "Judiciary Law") § 35 in a plethora of cases, including but not limited to, "habeas corpus; commitment, custody or adoption proceedings; criminal proceedings; Family Court proceedings wherein the party is entitled to counsel pursuant to the Family Court Act; Surrogate's Court proceedings wherein the party is entitled to counsel pursuant to the Surrogate's Court Procedure Act; and proceedings under Article 10 of the Mental Hygiene Law" (Judiciary Law § 35; see also Y.H. v. E.S., 76 Misc 3d 398 [Sup. Ct. Putnam Cnty 2022]).
In the context of matrimonial actions in New York State Supreme Court, Judiciary Law § 35(8) provides a party of insufficient means with assigned counsel in certain context, as set forth herein below:
"8. Whenever supreme court shall exercise jurisdiction over a matter which the family court might have exercised jurisdiction had such action or proceeding been commenced in family court or referred thereto pursuant to law, and under circumstances whereby, if such proceedings were pending in family court, such court would be required by section two hundred sixty-two of the family court act to appoint counsel, supreme court shall also appoint counsel and such counsel shall be compensated in accordance with the provisions of this section" (Judiciary Law § 35[8]).
Said another way, Judiciary Law § 35(8) directs that parties of insufficient means, in matrimonial actions pending in the supreme court, will be assigned counsel where the New York State Family Court Act (hereinafter "Family Court Act") § 262 applies to the circumstances of said matrimonial action. Family Court Act § 262 states in pertinent part as follows:
"(a) Each of the persons described below in this subdivision has the right to the assistance of counsel. When such person first appears in court, the judge shall advise such person before proceeding that he or she has the right to be represented by counsel of his or her own choosing, of the right to have an adjournment to confer with counsel, and of the right to have counsel assigned by the court in any case where he or she is financially unable to obtain the same:
* * *
(v) the parent of any child seeking custody or contesting the substantial infringement of his or her right to custody of such child, in any proceeding before the court in which the court has jurisdiction to determine such custody;
(vi) any person in any proceeding before the court in which an order or other determination is being sought to hold such person in contempt of the court or in willful violation of a previous order of the court, except for a contempt which may be punished summarily under section seven hundred fifty-five of the judiciary law;
* * *
(b) Assignment of counsel in other cases. In addition to the cases listed in subdivision (a) of this section, a judge may assign counsel to represent any adult in a proceeding under this act if he determines that such assignment of counsel is mandated by the constitution of the state of New York or of the United States, and includes such determination in the order assigning counsel" (Family Court Act §§ 262[a][v]; 262[a][vi]; 262[b])."
Essentially, if the matrimonial action pending in the Supreme Court involves child custody issues or a contempt application (wherein the contempt is not committed in the immediate view and in presence of the Court) a party of insufficient means is entitled to the assignment of counsel by the Supreme Court. Importantly, "matrimonial litigants are accorded no such statutory right to counsel on the financial issues—equitable distribution, maintenance, [*5]child support, etc.—by Judiciary Law § 35, the Family Court Act, County Law § 722 [FN5]
et seq. or otherwise" (Y.H. v. E.S., 76 Misc 3d 398 [Sup. Ct. Putnam Cnty 2022]).
Moreover, while there is a constitutional right to counsel in some circumstances (see Family Court Act § 262[b], set forth herein above) there is no constitutional right to assigned counsel in matrimonial actions (In re Smiley, 36 NY2d 433 [1975]; Y.H. v. E.S., 76 Misc 3d 398 [Sup. Ct. Putnam Cnty 2022]). Therefore, when dealing with a matrimonial action pending in Supreme Court, assignment of counsel as authorized by Judiciary Law § 35 attaches only when those specific provisions of the Family Court Act § 262 are present.[FN6]

3. Application.
It is in the trial Court's sole discretion to determine if a party qualifies as a person of insufficient means (Sundt v. New York State Elec. & Gas Corp., 92 AD2d 722 [4th Dept 1983]). In taking into account an application for a party to proceed as person of insufficient means, a Court must examine the party's "overall financial situation" (Id., at 722, where the Appellate Division reversed a trial court's denial of plaintiff's application to proceed as a person of insufficient means based on plaintiff's current employment, instead holding that "[i]n determining whether a party should be afforded poor person status, a court should completely examine the party's overall financial situation [internal citations omitted]. The trial court failed to do so and erred in finding that plaintiff did not qualify as a poor person solely because of his employment").
In taking into consideration the overall financial situation of a party, Courts have found a party to be of insufficient means if upon application to the Court the movant makes a prima facie showing that they are unable to pay the costs and fees necessary to maintain the contemplated action (Benyi v. Broome County Sherrif's Dept., 158 AD2d 869 [3d Dept 1990]; Borkowski v. Borkowski, 90 Misc 2d 957 [Sup. Ct. Steuben County 1977]; see also Hotel Martha Washington Management Co. v. Swinick, 66 Misc 2d 833 [App. Term, First Dept 1971] where the Court found the movant made a prima facie showing of her indigency by submitting an affidavit "stating she was a recipient of public assistance and was without assets; and her sworn denial that she owed any rent"; see also Emerson v. Emerson, 33 AD2d 1022 [2d Dept 1970] where the Court found a prima facie showing of entitlement to having insufficient means based on [*6]"petitioner's allegation that she is the recipient of public assistance and has no available property to draw upon").
However, a party's motion to be established as a person of insufficient means may be denied if: (1) the person fails to submit and affidavit and/or affirmation listing the person's property with its value; (2) if the person's income exceeds expenses by a substantial amount each month; and, (3) if the financial limitations are self-inflicted and not the result of events beyond the person's control (Fries v. Fries, 138 AD2d 979 [4th Dept 1988]; Dolan Properties, Inc. v. Schoolcraft, 75 Misc 2d 1084 [City Court, NY 1973]; Mina v. Mina, 83 AD2d 776 [4th Dept 1981], order aff'd, 56 NY2d 617 [1982]).
Here, Plaintiff has proven through admissible evidence that she receives monthly benefit from social security in the amount of $887.00, has a current cash savings of $236.00 with no checking or savings accounts, and pays rent being $293.00 monthly. It appears Plaintiff is left with $594.00 per month for living expenses following her rent payment. However, again, Plaintiff does not provide this Court with any other information regarding monthly out-of-pocket expenses to take into account regarding this application (groceries, transportation, hygiene, etc.) which surely effect the remaining balance of available funds that Plaintiff has to survive on a monthly basis.
Notwithstanding Plaintiff's failure to provide fully her monthly costs, this Court finds plaintiff a person of insufficient means based on the Plaintiff's Affirmation in providing her financial status. The Court further notes in support of its decision, that Plaintiff did submit an affirmation listing her income and property (or a lack thereof) in support of her application, her income does not exceed her apparent expenses by a substantial amount and this Court has no evidence to suggest her financial limitations are self-inflicted. As a result, this Court grants Plaintiff a waiver of costs, fees and expenses associated with this pending matrimonial action.
4. Appointment of Counsel.
As this Court has granted Plaintiff relief as to CPLR § 1101(a) in that she may proceed with a waiver of fees in this litigation, the Court further determines pursuant to CPLR § 1102 Plaintiff shall be appointed pro bono counsel being the following:
Jasmine Hernandez, Esq.
140 Grand Street, Suite 503
White Plains, New York 10601
914-237-1539
[email protected]
B. Other Relief.
To the extent relief is not granted or otherwise addressed herein, it is hereby denied.
Accordingly, it is hereby
ORDERED that Motion Sequence No. 1 is hereby granted in its entirety as set forth herein; and it is further
ORDERED that the Westchester County Clerk shall not charge Plaintiff for court costs, fees, or expenses in this case, including one certified copy of the judgment; and, any recovery by judgment or settlement in favor of the Plaintiff must be paid to the Westchester County Clerk and await a Court Order for distribution; and it is further
ORDERED that Plaintiff is hereby assigned pro bono counsel being: Jasmine Hernandez, Esq., 140 Grand Street, Suite 503, White Plains, New York 10601, 914-237-1539, [*7][email protected]; and it is further
ORDERED that Plaintiff and Plaintiff's counsel shall appear in-person for a status conference in this matter on October 29, 2025 at 2:00 PM; and it is further
ORDERED that to the extent any relief requested has not been granted or otherwise addressed herein, it is hereby denied.
The foregoing constitutes the Decision and Order of the Court.
Dated: October 24, 2025
White Plains, New York
HON. JAMES L. HYER, J.S.C.

Footnotes

Footnote 1:See, NYSCEF Doc. No. 1.

Footnote 2:See, NYSCEF Doc No. 5.

Footnote 3:See, NYSCEF Doc. Nos. 2-4.

Footnote 4:See, NYSCEF Doc. No. 3.

Footnote 5:New York County Law § 722, Article 18-B: Representation of Persons Accused of Crime or Parties Before the Family Court or Surrogates Court. "The governing body of each county and the governing body of the city in which a county is wholly contained shall place in operation throughout the county a plan for providing counsel to persons charged with a crime or who are entitled to counsel pursuant to section two hundred sixty-two [§ 262] or section eleven hundred twenty of the family court act, article six-C of the correction law, section four hundred seven of the surrogate's court procedure act or article ten of the mental hygiene law, who are financially unable to obtain counsel. Each plan shall also provide for investigative, expert and other services necessary for an adequate defense." For further explanation, assuming counsel is appointed in a matrimonial action, pursuant to Judiciary Law § 35, the law, including but not limited to the scope of representation, duration, and compensation/reimbursement for such appointment, is set forth within New York County Law § 722, Article 18-B.

Footnote 6:See, Family Court Act §§ 262[a][v]; 262[a][vi].